THOMSON (BUTLER v.). See Case No. 2,-244.

---

## Case No. 13,982.

### THOMSON et al. v. JACOBS et al.

[12 O. G. 890.]

Circuit Court, S. D. New York. Nov., 1877.

PATENTS—INFRINGEMENT—VALIDITY—IMPROVEMENT IN CORSETS.

Reissue letters patent No. 6,100, granted H. A. Lyman, October 27, 1874 (Thomson, Langdon & Co., assignees), declared to be valid, in view of the previous state of the art and of the invention exercised in producing its subject-matter.

In equity. This was a suit [by William S. Thomson, Charles H. Langdon, and George C. Batcheller against Solomon L. Jacobs, Abraham Strouse, Rebecca Mayer, and Max Adler], brought under reissue No. 6,100, granted to the assignees, Thomson, Langdon & Co., October 27, 1874, for "improvements in corsets." [The original letters patent No. 97,418 were granted November 30, 1869.] The corset is known to the trade as "Thomson's Glove-Fitting Corset."

George Gifford and J. C. Clayton, for complainants.

Starr & Ruggles, for defendants.

BLATCHFORD, District Judge. I think that the claim of the reissued patent, No. 6,100, covers a patentable improvement, and involved and required invention to arrive at it, in view of the state of the art; that what is embodied in such claim was not a mere change in form, proportions and degree; and that the invention is not anticipated by any of the earlier articles produced in evidence. As the infringement is conceded, the plaintiffs are entitled to the usual decree with costs.

Decree. This cause having come on to be heard upon the bill of complaint herein, the answer thereto of all the defendants, the replication there o of the complainants to such answer, and the proofs, oral, documentary, and written, taken and filed in said cause, and having been argued by counsel for the respective parties—Now, therefore, in consideration thereof, it is ordered, adjudged and decreed, and the court doth hereby order, adjudge, and decree, as follows, viz: That the letters patent reissue No. 6,100, granted and issued on the 27th day of October, 1874, to William S. Thomson, Charles H. Langdon, and George C. Batcheller, the complainants herein, as assignees of Henry A. Lyman, for improvements in corsets, being the letters patent referred to in the bill of complaint herein, are good and valid in law. That the said Henry A. Lyman was the first and original inventor and discoverer of the improvements in corsets described and claimed in the said reissued letters patent No. 6,100, and the specification annexed thereto, and that the said William S. Thomson, Charles H. Langdon, and George C. Batcheller, the complainants herein, are now, and ever since the 27th day of October, 1874, have been, the exclusive owners of said reissued letters patent No. 6,100, and of all claims for infringing the same at any time. That the said Solomon L. Jacobs, Abraham Strouse, Rebecca Mayer, and Max Adler, the defendants herein, have infringed upon the said reissued letters patent No. 6,100, and upon the exclusive rights of the complainants under the same—that is to say, by making and selling corsets containing and embodying the

invention, discovery, improvements, and combinations, substantially as set forth and claimed in the aforesaid reissued letters patent No. 6,100. in manner and form as charged in the said bill of complaint. And it is further ordered, adjudged, and decreed, that the complainants do recover of the defendants the profits and gains which the said defendants have received or made, or which have arisen or accrued to them from the infringement of the said reissued letters patent No. 6,100, by the manufacture, use, and sale of corsets, as described and claimed in said reissued letters patent since the 27th day of October, 1874; and also the damages which the complainants have sustained by reason of the said infringement of said reissued letters patent No. 6,100. And it is further ordered, adjudged, and decreed that it be referred to Joseph Gutman, Jr., Esq., of New York City, who is hereby appointed and constituted master of this court pro hac vice, to ascertain, and take and state, and report to the court an account of the number of infringing corsets made, and also the numbers used and sold by the said defendants, and also the gains and profits which the said defendants have received, or which have accrued or arisen to said defendants from infringing the said exclusive rights of the said complainants, by the manufacture, use, or sale of the said improvements patented in the said reissued letters patent No. 6,100; and also to assess, ascertain, and state the amount of the damages which the complainants have sustained by reason of said infringements. And it is further ordered, adjudged, and decreed that the complainants on such accounting have the right to cause an examination of the said defendants, ore tenus or otherwise, and also the production of the books, vouchers, and documents of the said defendants; and that the said defendants attend before the said master, from time to time, within this district, as said master shall direct. And it is also further ordered, adjudged, and decreed that a perpetual injunction be issued in this suit against said defendants, .es., ning them and their agents. clerks, servants, and workmen, and all claiming or holding under or through them, from making, using, or selling, or in any manner disposing of corsets constructed according to or embodying the invention or improvements described and claimed in the said reissued letters patent No. 6,100, pursuant to the prayer of the said bill of complaint. And it is further ordered, adjudged, and decreed that the complainants do recover of the defendants the costs of this suit to be taxed. And it is ordered that the question of increase of damages, and all other questions, be reserved until the coming in of the master's report.